1  John F. Denove, CSB #68825
   Shane V. Hapuarachy, CSB #271887
2  **CHEONG, DENOVE, ROWELL & BENNETT**
   **A Law Partnership including a Professional Corporation**
3  10100 Santa Monica Boulevard, Suite 2460
   Los Angeles, California 90067
4  (310) 277-4857   Fax No.: (310) 277-5254

5  Attorneys for Plaintiff **MARIA DELORES RAMIREZ**

**FILED**
Superior Court of California
County of Los Angeles

JAN 16 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Shaunya Bolden

6

7

8  FSC: 07/01/2016   TRIAL: 07/18/2016   OSC: 01/16/2018

9  **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

   **FOR THE COUNTY OF LOS ANGELES**
10
                                           **BC 569521**
11  MARIA DELORES RAMIREZ,          | CASE NO.

12            Plaintiff,            | **COMPLAINT FOR DAMAGES:**

13  v.                             | 1.  **Violation of Civil Rights (42**
                                   |     ***U.S.C.* § 1983);**
14  CITY OF LOS ANGELES, a Municipal | 2.  **Wrongful Death (*Cal. Gov.***
    Corporation; LOS ANGELES  POLICE |     ***Code* §§ 815.2(a), 820(a);**
15  DEPARTMENT; CHIEF OF POLICE     |     ***Civil Code* § 43);**
    CHARLES BECK, individually and in his | 3.  **Deprivation of Familial**
16  official capacity; JOSHUE TOWE;  and DOES |     **Relationship (*Cal. Const.***
    1 through 100, inclusive,       |     **Art. I, § 7);**
17                                  | 4.  **Negligence - Survival**
            Defendants.            |     **Action;**
18                                 | 5.  **Negligent Training and**
                                   |     **Retention - Survival Action**
19

20                                 | **DEMAND FOR JURY TRIAL**

21

22       Plaintiff MARIA DOLORES RAMIREZ alleges causes of action against

23  Defendants CITY OF LOS ANGELES ("CITY"), a Municipal Corporation, LOS

24  ANGELES POLICE DEPARTMENT ("LAPD"), CHIEF OF POLICE CHARLES

25  BECK ("BECK"), JOSHUE TOWE ("TOWE") and DOES 1 through 100, inclusive, and

26  each of them, as follows:

27  ///

28  ///

**EXHIBIT 1 PAGE 9**

## FIRST CAUSE OF ACTION

### Violation of Federal Civil Rights (42 U.S.C. § 1983)

1.    This action seeks compensatory and punitive damages from Defendants for pursuing and then shooting Decedent LUIS ALBERTO RAMIREZ ("Decedent").  In so acting, Defendants fatally injured the Plaintiff and violated various civil rights under the United States Constitution and State law.

2.    At all relevant times herein, Plaintiff MARIA DOLORES RAMIREZ was a resident of Guatemala, and was the mother and legal heir of Decedent.

3.    Plaintiff is informed and believes and thereon alleges that Defendant, CITY OF LOS ANGELES ("CITY") was, at all times mentioned herein, a chartered city acting as a municipal corporation  organized and existing under the laws of the State of California.

4.    Plaintiff is informed and believes and thereon alleges that Defendant, LOS ANGELES POLICE DEPARTMENT ("LAPD") was, at all times mentioned herein, a division or department of Defendant CITY..

5.    Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant CHARLES BECK ("BECK") was the CHIEF OF POLICE of the CITY/LAPD.

6.    Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant JOSHUE TOWE (Serial No. 41425) ("TOWE") was an employee of the CITY/LAPD, and was acting within the course and scope of said employment when the events complained of herein occurred.

7.    Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants 1 through 100.  Plaintiff will amend this Complaint to allege these Defendants' true names and capacities when that information becomes known to her.  Plaintiff is informed and believes and thereon alleges that these DOE Defendants 1 through 100, and each of them, are legally responsible for, and proximately caused, the incident, the injuries and the damages hereinafter set forth through their

EXHIBIT 1 PAGE 10

1   negligent, careless, deliberately indifferent, intentional, or wanton misconduct.

2       8.    Plaintiff is informed and believes and thereon alleges that, at all times

3   relevant herein, DOES 1 through 15, and each of them, were police officers and

4   residents of the County of Los Angeles, State of California.

5       9.    Plaintiff is informed and believes and thereon alleges that, at all times

6   relevant herein, DOES 16 through 41, inclusive, were at all times herein mentioned

7   supervisorial police officers employed by Defendant CITY. They are sued both in their

8   individual and personal capacity and their official capacity.

9       10.   Plaintiff is informed and believes and thereon alleges that, at all relevant

10  times herein, DOES 42 through 72, inclusive, were residents of the County of Los

11  Angeles, State of California, and were responsible for the administration of the LAPD,

12  including selecting, hiring, training, and supervising persons working for the LAPD.

13      11.   Plaintiff is informed and believes and thereon alleges that, at all relevant

14  times herein, DOES 73 through 100, inclusive, were residents of the County of Los

15  Angeles, State of California, and were employees of Defendant CITY, and were

16  responsible for implementing, promulgating, maintaining, sanctioning, condoning,

17  and/or ratifying policies, procedures, practice, and/or customs for Defendant LAPD,

18  under which DOES 1 through 41, inclusive, committed the illegal or wrongful acts

19  complained of herein.

20      12.   Plaintiff is informed and believes and thereon alleges that, at all times

21  herein mentioned, each of the Defendants was the agents, employees, and/or co-

22  conspirator of each of the remaining Defendants, and in doing the things hereinafter

23  alleged, was acting within the scope of that agency, employment and/or conspiracy and

24  with the permission, authorization, ratification, and consent of other Co-Defendants,

25  including Defendant CITY.

26      13.   On or about October 14, 2014, a Claim for Damages was presented to

27  Defendant CITY OF LOS ANGELES on behalf of Plaintiff, MARIA DOLORES

28  RAMIREZ, in substantial compliance with *Government Code* § 910, et seq. At the time

**EXHIBIT 1 PAGE 11**

1    of the filing of this Complaint, the claim has been DENIED by Defendant CITY.

2        14.    Plaintiff is informed and believes and thereon alleges that Defendants

3    TOWE and DOES 1 through 5, and each of them, responded to a vandalism call at the

4    area of the 6700 block of Hayvenhurst Avenue in the City of Los Angeles on July 25,

5    2014 at approximately 3:30 a.m. where they confronted Decedent.

6        15.    Plaintiff is informed and believes and thereon alleges that at least one

7    officer ordered Decedent to drop a stick he was carrying, and then activated his TASER.

8    Another officer is believed to have fired a beanbag at Decedent, after which Defendant

9    TOWE fatally shot Decedent. Decedent was unarmed other than allegedly carrying two

10   "sticks".

11       16.    Plaintiff is informed and believes and thereon alleges that Defendants

12   DOES 1 through 10, and each of them, were in close proximity to the Decedent at all

13   relevant times, and that the area of the incident was well lit both by street lighting and

14   their headlights and other headlights.

15       17.    On or before July 25, 2014, Defendants BECK individually and in his

16   official capacity, LAPD and DOES 16 though 72, and each of them, failed to exercise

17   ordinary and reasonable care in training, hiring, and supervising Defendants TOWE and

18   DOES 1 through 15 regarding: a) the proper procedures for approaching an individual

19   who was probably impaired in some manner; b) the proper procedures for approaching

20   an individual who was exclusively Spanish speaking; c) the proper procedures for

21   arresting and detaining suspects not armed with any weapon likely to cause immediate

22   injury; and d) the reasonableness, safety and constitutionality of the use of deadly force

23   against civilians.

24       18.    As a direct and proximate result of these failures to properly hire, train, and

25   supervise Defendants TOWE and DOES 1 through 15, Decedent was confronted by

26   numerous heavily armed police officers who did not properly use available non-deadly

27   methods to apprehend the suspect, but instead shot and killed Decedent.:

28       19.    Plaintiff MARIA DOLORES RAMIREZ brings this claim individually and

H:\_R\Ramirez, Maria\Plead\Complaint.wpd                4                                      JFH

COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 12**

1    in a representative capacity to Decedent and seeks both survival and wrongful death

2    damages for the violation of Decedent's rights.

3        20.    Under the Fourth Amendment to the United States Constitution, as applied

4    to state actors by the Fourteenth Amendment, Decedent had a right to be secure in his

5    person against unreasonable searches and seizures.

6        21.    Under the Due Process Clause of the Fourteenth Amendment of the United

7    States Constitution Decedent had a cognizable interest to be free from state actions that

8    deprived him of life, liberty, or property in such a manner as to shock the conscience.

9        22.    Under the Due Process Clause of the Fourteenth Amendment of the United

10   States Constitution Plaintiff MARIA DOLORES RAMIRIEZ had a cognizable interest

11   to be free from state actions that deprived her of life, liberty, or property in such a

12   manner as to shock the conscience, including, but not limited to, unwarranted state

13   interference in her familial relationships.

14       23.    Through the unreasonable use of force described above, Defendants

15   TOWE and DOES 1 through 15, and each of them, deprived Decedent of his rights under

16   the Fourth Amendment to the United States Constitution. As a result of this conduct,

17   Defendants JOSHUE TOWE and DOES 1 through 15, and each of them, are responsible

18   for Decedent's death either because they were integral participants in the excessive

19   force, or because they failed to intervene to prevent it.

20       24.    All unreasonable seizures that preceded the shooting by Defendants

21   TOWE and DOE OFFICERS 1 through 15, and each of them, recklessly and

22   intentionally escalated the situation and led directly to the shooting. Therefore DOES 1

23   through 15, and each of them, are further liable for violating the rights of Decedent

24   under an excessive escalation theory.

25       25.    Through the unreasonable force described above, Defendants TOWE and

26   DOES 1 through 15, and each of them, Decedent died.  Plaintiff was thereby deprived of

27   her constitutional right and familial relationship with Decedent,  and Decedent was

28   thereby deprived of his constitutional rights to life and liberty.

**EXHIBIT 1 PAGE 13**

26.     Through the aforementioned actions and other undiscovered conduct, all of which were performed under the color of law, Defendants TOWE and DOES 1 through 15, and each of them, acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff and with purpose to harm unrelated to any legitimate law enforcement objective. They thereby acted in a way that shocks the conscience and violated the Fourteenth Amendment rights of Decedent and Plaintiff.

27.     On and for some time prior to July 25, 2014 (and continuing to the present date), Defendants CITY and DOES 16 through 100, and each of them, deprived Plaintiff and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendments of the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.     Employing and retaining police officers and other personnel, including Defendants TOWE and DOES 1 through 15, who Defendant DOES 16 through 41, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Defendant CITY Police Department polices;

b.     Inadequately supervising, training, controlling, assigning, and disciplining Defendant CITY Police Officers, and other personnel, including Defendants TOWE and DOES 1 through 15, who Defendants DOES 16 through 41, each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c.     Maintaining grossly inadequate procedures for reporting,

EXHIBIT 1 PAGE 14

supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants TOWE and DOES 1 through 15, and each of them, who are Police Officers of Defendant CITY.

d.    Failing to adequately train officers, including Defendants TOWE and DOES 1 through 15, and each of them, and failing to institute appropriate polices, regarding constitutional procedures and practices for approaching subject who are more likely than not impaired in some fashion;

e.    Failing to adequately train officers, including Defendants TOWE and DOES 1 through 15, and each of them, and failing to institute appropriate polices, regarding constitutional procedures and practices for approaching subject who are exclusively Spanish speaking; and

f.    Having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force.

28.    Defendants DOES 16 through 100, and each of them, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite their knowledge, they condoned, tolerated and, through actions and inactions, ratified such policies. Hence, they acted with deliberate indifference to the foreseeable effects and consequences of the deficient policies on the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

29.    By ordering, consenting to, and ratifying the unreasonable use of force described above, DOES 16 through 40, and each of them, deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to

**EXHIBIT 1 PAGE 15**

1   state actors by the Fourteenth Amendment.

2       30.     As a direct and legal consequence of the above acts of unreasonable and

3   excessive force, Decedent suffered severe pain, loss of life, and loss of earning capacity.

4   Plaintiff MARIA DOLORES RAMIREZ thereby suffered extreme and mental anguish

5   and pain and were deprived of the life-long love, companionship, comfort, support,

6   society, care and sustenance of Decedent and will continue to be so deprived for the

7   remainder of her natural life. In addition to these damages, Plaintiff is claiming funeral

8   and burial expenses as a loss of financial support.

9       31.     By perpetrating, sanctioning, tolerating and ratifying the outrageous

10  conduct and other wrongful acts, Defendants DOES 16 through 100, and each of them,

11  acted with an intentional, reckless, and callous disregard for the life of Decedent and

12  Plaintiff's constitutional as well as human rights. The actions of Defendants DOES 16

13  through 100, and each of them, were willful, wanton, oppressive, malicious, fraudulent,

14  and extremely offensive and unconscionable to any person of normal sensibilities.

15      32.     The conduct of Defendants TOWE and DOES 1 through 15, and each of

16  them, was willful, wanton, malicious, and done with reckless disregard for the rights and

17  safety of Decedent.

18      33.     Therefore punitive and exemplary damages are warranted as to

19  Defendants DOES 1 through 100, and each of them.

20      34.     Plaintiffs are entitled to and demand costs, attorney fees and expenses,

21  according to proof.

22              **SECOND CAUSE OF ACTION**

23  **For Wrongful Death (Cal. Gov. Code §§ 815.2(a), 820(a); Civil Code § 43)**

24      35.     Plaintiff repeats and realleges each and every allegation in Paragraphs 1

25  through 34 of this Complaint with the same force and effect as if fully set forth herein.

26      36.     All claims asserted herein against Defendant CITY are presented pursuant

27  to Defendant CITY's vicarious liability for acts and omissions of municipal employees

28  undertaken in the course and scope of their employment pursuant to *Cal. Government*

H:\_R\Ramirez, Maria\Plead\Complaint.wpd

COMPLAINT FOR DAMAGES

JFH

**EXHIBIT 1 PAGE 16**

1   *Code* §§ 815.2(a), 820(a) and *Civil Code* § 43.

2      37.    Plaintiff further alleges that the Defendants TOWE and DOES 1 through

3   15, and each of them, failed to exercise reasonable and ordinary care in committing the

4   acts alleged herein, by actions and inactions which include, but are not limited to,

5   negligently failing to determine that Decedent posed no threat of physical harm to any

6   person when he were fatally shot, and negligently employed deadly force against him

7   when the same was unnecessary and unlawful.  All of these negligent acts proximately

8   caused Decedent's death on or about July 25, 2014.

9      38.    Plaintiff MARIA DOLORES RAMIREZ is informed and believes, and

10   thereon alleges, that on and before July 25, 2014, Defendants BECK, individually and in

11   his official capacity and DOES 16 through 41, and each of them, and individual

12   employees of Defendants CITY and LAPD who were responsible for hiring and

13   supervising Defendants TOWE and DOES 1 through 15, and each of them, negligently

14   hired, trained, supervised, employed and/or managed Defendants TOWE and DOES 1

15   through 15, and each of them, in that they knew or, in the exercise of reasonable

16   diligence, should have known, that Defendants TOWE and  DOES 1 through 15, and

17   each of them, were dangerous and violent employees, prone to discharge  their firearms

18   without reasonable justification, and in a manner that would demonstrate callous

19   disregard for the rights and safety of civilian citizens. All of these negligent acts

20   proximately caused Decedent's death on or about July 25, 2014.

21      39.    Additionally, on and before July 25, 2014, Defendants BECK, individually

22   and in his official capacity and Defendants DOES 42 through 100, and each of them, and

23   individual employees of Defendants CITY and LAPD who were responsible for hiring,

24   training, and supervising Los Angeles Police Officers, failed to exercise ordinary and

25   reasonable care in the training and supervision of Defendant CITY law enforcement

26   officers, including Defendants DOES 1 through 15, and each of them, with regard to the

27   reasonableness, safety, and constitutionality of the use of deadly force against civilians,

28   and with regard to the use of force against unarmed individuals; and negligently failed to

**EXHIBIT 1 PAGE 17**

1  properly train and supervise Defendants TOWE and DOES 1 through 15, and each of

2  them, concerning the reasonableness, safety, and constitutionality of the use of deadly

3  force, and in the use of force as it relates to using excessive force, unjustifiably using

4  deadly force against unarmed and non-dangerous suspects, inadequately training and

5  supervising patrol deputies with respect to the reasonable and proper use of deadly force,

6  and inadequately training and supervising patrol deputies with respect to the reasonable

7  and proper police procedures for the arrest and detention of suspects; and despite having

8  the means and the ability to properly train such officers, and despite having notice and

9  knowledge of the need to properly train such officers, failed to do so.  All of these

10 negligent acts proximately caused Decedent's death on or about July 25, 2014.

11     40.    As a direct and proximate result of the death of Decedent and the above-

12 described conduct of Defendants, and each of them, Plaintiff MARIA DOLORES

13 RAMIREZ has sustained substantial economic damages and non-economic damages

14 resulting in the loss of love, companionship, comfort, care, assistance, protection,

15 affection, society, moral support, training, guidance, services and support of Decedent in

16 an amount according to proof at trial.

17     41.    As a further direct and proximate result of the above-described conduct of

18 the Defendants, and each of them, and the ensuing death of Decedent, Plaintiff MARIA

19 DOLORES RAMIREZ has incurred funeral and burial expenses in an amount according

20 to proof at trial.

21              **THIRD CAUSE OF ACTION**

22     **Deprivation of Familial Relationship (Cal. Const. Art. I, § 7)**

23     42.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1

24 through 41 of this Complaint with the same force and effect as if fully set forth herein.

25     43.    All claims asserted herein against Defendant CITY are presented pursuant

26 to Defendant CITY's vicarious liability for acts and omissions of municipal employees

27 undertaken in the course and scope of their employment.

28     44.    Plaintiff MARIA DOLORES RAMIREZ is informed and believes and

H:\_R\Ramirez, Maria\Plead\Complaint.wpd

COMPLAINT FOR DAMAGES                                    JFH

**EXHIBIT 1 PAGE 18**

1  thereupon alleges that Defendant CITY is a chartered subdivision of the State of

2  California with the capacity to sue and be sued.  That Defendant CITY is responsible for

3  the actions, omissions, policies, procedures, practices and customs of its various agents

4  and agencies, including Defendants CITY and LAPD and its agents and employees. At

5  all relevant times, Defendant CITY was responsible for assuring that the actions,

6  omissions, policies, procedures, practices and customs of Defendants  CITY and LAPD

7  and their employees complied with the laws and the Constitution of the State of

8  California.

9       45.    That each individual Defendants herein, including Defendants BECK,

10  individually and in his official capacity and  Defendants TOWE and DOES 1 through 50,

11  and each of them, while acting under color of law and within the course and scope of

12  their employment with Defendants CITY and LAPD, violated the constitutional rights of

13  Plaintiff MARIA DOLORES RAMIREZ, individually, to enjoy the familial relationship

14  with her son, Decedent LUIS ALBERTO RAMIREZ, which are rights protected by the

15  *California Constitution*, Article I, § 7.

16       46.    Plaintiff MARIA DOLORES RAMIREZ alleges that the Defendants'

17  wrongful conduct in violation of *California Constitution*, Article I, § 7, caused the

18  enumerated deprivation of rights and caused general and special damages as allowable,

19  pursuant to constitutional law in an amount according to proof.

20       47.    The above-described acts of Defendant BECK and individual Defendants

21  DOES 1 through 72, and each of them, were intended to cause injury to Decedent and

22  were carried out with a reckless and/or conscious disregard for the rights and safety of

23  Decedent and others, and further constituted malicious, oppressive and despicable

24  conduct pursuant to *California Civil Code* § 3294, thereby justifying exemplary and

25  punitive damages against the individual Defendants sued herein.

26       48.    As a further proximate result of the acts alleged herein, Plaintiff MARIA

27  DOLORES RAMIREZ has been required to employ attorneys and have and continue to

28  incur attorneys' fees and costs.  By virtue of the provision of *California Constitution*,

**EXHIBIT 1 PAGE 19**

1  Article I, § 7, Plaintiff is entitled to an award of reasonable attorneys' fees and costs

2  according to proof.

3  <center>**FOURTH CAUSE OF ACTION**</center>

4  <center>Negligence - Survival Action</center>

5       49.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1

6  through 48 of this Complaint with the same force and effect as if fully set forth herein.

7       50.    Plaintiff MARIA DOLORES RAMIFREZ, individually, is the successor-

8  in-interest to the Estate of Decedent, and brings this Cause of Action in that capacity and

9  in place of Decedent, who but for his death, would bring this Cause of Action.

10       51.    Plaintiff is informed and believes and thereon alleges that Defendants,

11  DOES 1 through 41, and each of them, failed to exercise reasonable and ordinary care in

12  committing the acts alleged herein, by actions and inactions which include, but not

13  limited to, negligently detaining Decedent, negligently assessing the circumstances

14  presented at that time, negligently assessing the need to use deadly force against

15  Decedent, negligently using deadly force against him without probable cause or

16  reasonable suspicion to believe that it was necessary or that Decedent had committed a

17  crime, or would commit a crime in the future, negligently failing to determine the fact

18  that Decedent posed no reasonable threat of physical harm to any person, negligently

19  failing to prevent each of the other Defendants from using excessive force on Decedent

20  and negligently delaying medical aid at the scene.  All of these negligent acts

21  proximately caused Decedent's death on or about July 25, 2014.

22       52.    As a proximate result of the above-mentioned conduct of Defendants

23  DOES 1 through 41, and each of them, Decedent was killed causing Plaintiff to suffer

24  the loss of comfort, care, society, love, affection and loss of support in an amount to be

25  proven at the time of trial.

26  <center>**FIFTH CAUSE OF ACTION**</center>

27  <center>**Negligent Training and Retention - Survival Action**</center>

28       53.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1

**EXHIBIT 1 PAGE 20**

1    through 52 of this Complaint with the same force and effect as if fully set forth herein.

2        54.    Plaintiff is informed and believes and thereon alleges that on and before

3    July 25, 2014, Defendants LAPD, BECK and DOES 16 through 41, and each of them,

4    negligently hired, trained, supervised, employed and/or managed their Defendant

5    Officers in that they knew or, in the exercise of reasonable diligence, should have

6    known, that the Defendants TOWE and DOES 1 through 15, and each of them, herein

7    were dangerous and violent employees, prone to violate the civil rights of Latinos, prone

8    to use physical violence without reasonable justification, and in a manner that

9    demonstrates callous disregard for the rights and safety of civilian citizens, assault and

10   batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical

11   force without reasonable justification, and they were prone to conspire among

12   themselves to obfuscate official investigatory activities, and prone to falsify, distort,

13   and/or cover up the circumstances of their misconduct. Defendants DOES 42 through 72,

14   and each of them, were sergeants and/or supervisors of the other Defendants TOWE and

15   DOES 1 through 41, and each of them, herein, and had duties with respect to the training

16   of such officers and they knew or should have known of the aforementioned propensities

17   of these Defendants TOWE and DOE 1 through 41, and each of them.

18       55.    As a proximate result of the negligent hiring, training and retention of the

19   Defendants TOWE and DOES 1 through 41, and each of them, Decedent was wrongfully

20   killed on July 25, 2014.

21       56.    As a proximate result of the above-mentioned conduct of Defendants

22   TOWE and DOES 1 through 41, and the death of LUIS Decedent, Plaintiff has suffered

23   the loss of comfort, care, society, love, affection and loss of support in an amount to be

24   proven at the time of trial.

25                              **PRAYER**

26   Plaintiff prays for judgment against all Defendants, and each of them, as follows:

27       1.    For burial and funeral related expenses according to proof of trial;

28       2.    For general damages in an amount to be determined according to proof at

**EXHIBIT 1 PAGE 21**

1    trial;

2    3.    For loss of support and other special damages according to proof at trial;

3    4.    For medical and related expenses according to proof at trial;

4    5.    For reasonable attorney's fees pursuant to 42 *U.S.C.* § 1983 and other

5          statutes;

6    6.    For costs of suit incurred herein;

7    7.    For punitive damages against the individual Defendants in their individual

8          capacities in an amount to be determined according to proof at trial;

9    8.    For such other and further relief as the Court deems just and proper.

10

11   Dated: January /  , 2015          CHEONG, DENOVE, ROWELL & BENNETT

12                                      By:_____

13                                          SHANE V. HAPUARACHY
                                            Attorney for Plaintiff

14

15                        **DEMAND FOR JURY TRIAL**

16        Plaintiff hereby demands trial by jury as to all issues of law and fact to which she

17   is entitled.

18   DATED: January / 5, 2015           CHEONG, DENOVE, ROWELL & BENNETT

19

20                                      By_____

21                                          SHANE V. HAPUARACHY
                                            Attorney for Plaintiff

22

23

24

25

26

27

28

H:\_R\Ramirez, Maria\Plead\Complaint.wpd                 14                                    JFH

COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 22**