# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DELORES RAMIREZ,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a Municipal Corporation; LOS ANGELES POLICE DEPARTMENT; CHIEF OF POLICE CHARLES BECK, individually and in his official capacity; JOSHUA TOWE; and DOES 1 through 1000, inclusive,<br><br>　　　　　　　Defendants. | Case No.: CV 15-02179 MWF (FFMx)<br>Honorable Judge: Michael W. Fitzgerald<br>Hon Magistrate Judge: Frederick F. Mumm<br><br>**[Proposed] STIPULATED PROTECTIVE ORDER RE FORCE INVESTIGATION DIVISION SHOOTING REPORT** |

*PROTECTIVE ORDER FORCE INVESTIGATION DIVISION REPORTS*

After the Plaintiff MARIA DELORES RAMIREZ, (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, Shane Hapuarachy, Esq. of CHEONG, DENOVE, ROWELL & BENNETT and Defendants CITY OF LOS ANGELES, a local public entity, CHARLES L. BECK, AKA CHARLIE BECK, CHIEF

OF THE LOS ANGELES POLICE DEPARTMENT and JOSHUA TOWE (hereinafter referred to as "Defendants"), by and through their attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Supervising Assistant City Attorney and Christian R. Bojorquez conferred regarding the Production of the Force Investigation Report (hereinafter "FID Report," IT IS HEREBY ORDERED, pursuant to the stipulation of the parties that the following Protective Order, and its terms shall govern documents and things in this matter:

For purposes of this Order, Confidential Materials include, but are not limited to:

1. Force Investigation Division Investigation Records;

2. Any and all documents, interviews, Officer Statements and/or writings created during the Investigation, which include, but are not limited to, the following:

    A. Force Investigation Division Records- No. F-041-14

- Interviews;
- Officer Statements, whether written or recorded;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Narrative;
- All addenda.

### GOOD CAUSE STATEMENT

The Force Investigation Division (hereinafter "FID") of the Los Angeles Police Department and the Internal Affairs and/or Complaint Investigators conduct internal administrative investigations of categorical officer-involved uses of force and internal complaints and external citizen complaints of police misconduct.  In this above-captioned

matter an FID Investigation was conducted.  As a result, the Parties have agreed to this Proposed Protective Order covering the Investigation and its contents.  A Protective Order is appropriate for the following Good Cause reasons:

    a.    Once completed, an investigation report (hereafter "FID" report) is prepared.  Such reports are reviewed by appropriate command officers in the Department and by the Board of Police Commissioners.  This review has several purposes:  (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc.; should be modified.  In sum, FID reports are an essential aid to providing critical self-evaluation of Department officers and policies and to determine the most effective way to serve the citizens of Los Angeles.

## II.   TERMS OF THE PROTECTIVE ORDER

    1.    This Protective Order has been agreed upon by the respective Counsel in this matter.  It should be noted that the Parties have agreed to this respective Protective Order, as the Request for Production of Documents seeking the Force Investigation Division Report was due approximately two (2) days prior to the Discovery Cut-Off date of April 15, 2016.  After that date, the Parties conducted a meet and confer and agreed to production pursuant to this underlying Protective Order.

    It must be noted that the Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect.  The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective

order.  The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

3. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

   a. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;
   b. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order.  I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
   Dated: _____/s/ _____"

Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment upon Defendants.

5. Upon the final termination of this federal litigation, including any appeal pertaining thereto, including but not limited to any event wherein the case is ever remanded to State Court or dismissed and refiled in State Court, all Complaints, Investigations, Reports, materials, as well as any other Court Ordered Documents

provided pursuant to this Protective Order and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding.  All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

6.     If a party to whom Confidential Information has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any Confidential Information in advance of the date required by the subpoena or order.  Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order.

7.     If any party seeks to submit any pleadings, motions, briefs, declarations, stipulations, exhibits or other written documentation to the Court which contain, reflect, incorporate or refer to Confidential Information, such party must lodge such documents with the Court along with an application for filing under seal pursuant to Local Rule 79-5.1.  Such party shall file a redacted version of the proposed filing that deletes any information subject to this protective order at the same time.

8.     Counsel for the parties hereto agree to request that in the event any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury.  Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an

opportunity to make a special request to the Court that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

Dated: July 15, 2016              /S/  Frederick F. Mumm
                           **FREDERICK F. MUMM**
                           United States Magistrate Judge